By the Court,

Cowen, J.
The language of the statute is, that writs of a fi. fa. may be issued, <fcc. “ after the ex *356 piration of thirty days from the entry of such judgment.” According to the rule of construing statutes adopted by this court, the computation of the 30 days excludes the day of entering the ■judgment; in other words, as to the first and last days, one is to be counted exclusively and the other inclusively. On this principle of computation, the .30 days which are to expire were not full in the case at bar till the 26th of November. (Ex parte Dean, 2 Cowen’s Rep. 605 et seq. and the cases there cited. Homan v. Liswell, 6 id. 659. Wilcox v. Wood, 9 Wend. 346, 348. Columbia Turp. Road v. Haywood, 10 id. 422, 3.) The cases are not uniform either in England or this country;(a) but the rule stated, is settled by our own decisions.
.The statute in question requires the expiration of this time, viz. 30 days. And it could not be said to have expired till the 27th of November. (Vid. Small v. Edrich, 5 Wend. 137, in connection with The Col. Tump. Road v. Haywood, cited supra.) The execution was therefore irregular, and must be set aside with costs.
Rule accordingly.(b)

(a) See The Portland Bank v. The Maine Bank, (11 Mass. R. 204;) Presbrey v. Williams, (15 id. 193 ;) Bigelow v. Willson, (1 Pick. 485;) Comm’th v. Keniston, (5 Pick. 520 ;) Hampton v. Erenzeller, (2 Browne’s Rep. 18 ;) Ryman v. Clark, (4 Blackf. Rep. 329;) Jacobs v. Graham, (1 id. 392;) Arnold v. The United States, (9 Granch, 104 ;) Pierpont v. Graham, (4 Wash. G. G. Rep. 232 ;) 3 Chitty’s Gen. Pr. 108 to 110 ; 1 Cowen’s Treat. 262,3, 2d ed.; 2 Bouvier’s Law Diet. 439, tit. “ Time."

(b) The rule of computation applied in the principal case agrees with what Mr 'Chitty thinks is the doctrine in England under a statute containing similar phraseology to the one in question. He says, (3 Chitty's Gen. Pr. 109,) that “ in construing the 2 W. & M. Sess. 1, c. 5, authorizing a landlord to sell a distress * after such distress and notice as aforesaid, and the expiration of the said five days,’ the day of making the distress is to be excluded, and after allowing the five following clear days, the sale should not be until the seventh day”—citing Pitt v. Skew and others, (4 Barn. & Ald. 208.)